UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LAMONT STRIBLING, <br><br> Plaintiff, <br><br> v. <br><br> MARIANNE MATHERLY, <br><br> Defendant. | No. 2:18-cv-01086 CKD P <br><br> ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**I.	Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.	Allegations in the Complaint**

On March 9, 2018, plaintiff was sent a Clerk's Notice indicating that the pleading he was attempting to file was being returned because the institution where he was incarcerated

participates in the electronic filing program with the court. ECF No. 1 at 9-10. Plaintiff was advised that the pleading "must be filed under [the] E-Filing procedure with the Litigation Coordinator" at CSP-Sacramento, where plaintiff was an inmate. Id. Attached to the complaint is evidence demonstrating that the pleading was in fact electronically filed with the court on April 11, 2018. See ECF No. 1 at 12. Plaintiff also complains about a second pleading that was electronically filed, but without the attachments because they exceeded the page limits. ECF No. 1 at 16. Plaintiff alleges that these actions by the Clerk of Court amount to "fraud, perjury, impersonating a judge, and conspiracy" since "nothing in the Local or Federal Rules" authorizes an electronic filing system. See ECF No. 1 at 4. Plaintiff states that he was injured as a result of defendant's actions because he was "stress[ed], on top of stress equal[s] more stress." ECF No. 1 at 4. By way of relief, plaintiff seeks injunctive relief "to put an end to any e-filing." ECF No. 1 at 7. He also requests compensatory, punitive, and nominal damages for the stress that he endured. Id.

### III. Analysis

The Supreme Court has recognized that some officials perform special functions which, because of their similarity to functions that would have been immune when Congress enacted § 1983, deserve absolute protection from civil liability. Buckley v. Fitzsimmons, 509 U.S. 259, 268-69 (1993). This immunity extends to individuals performing functions necessary to the judicial process. Miller v. Gammie, 335 F.3d 889, 895-96 (9th Cir. 2003). Under the common law, judges, prosecutors, trial witnesses, and jurors were absolutely immune from their activities carrying out judicial functions. Id. at 896. The Court has taken a "functional approach" to the question of whether absolute immunity applies in a given situation, meaning that it looks to "the nature of the function performed, not the identity of the actor who performed it." Buckley, 509 U.S. at 269 (1993) (quoting Forrester v. White, 484 U.S. 219, 229 (1988)). Accordingly, state actors are granted absolute immunity from damages liability in suits under § 1983 for actions taken while performing a duty functionally comparable to one for which officials were immune at common law. Miller, 335 F.3d at 897.

////

All of the allegations in the complaint concern returning various pleadings to plaintiff on the ground that they did not comply with the e-filing system. Defendant's actions in determining whether a litigant has complied with local rules and procedures are the functional equivalent of those traditionally performed by judges who were immune from suit at common law. Defendant Matherly is therefore entitled to absolute quasi-judicial immunity for her enforcement of the court's filing rules and procedures. See Mullis v. U.S. Bankruptcy Court for the Dist. of Nevada, 828 F.2d 1385 (9th Cir. 1987) (stating that "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process."); Sharma v. Stevas, 790 F.2d 1486, 1486 (9th Cir. 1986) (clerk of court had absolute quasi-judicial immunity under Federal Tort Claims Act where his acts were integral part of judicial process). This immunity also extends to actions seeking declaratory, injunctive, and other forms of equitable relief such as the present action. See Mullis, 828 F.2d at 1394. Accordingly, plaintiff's complaint must be dismissed because it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2).

**IV.    Plain Language Summary for Pro Se Party**

Since plaintiff is acting as his own attorney in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has read the complaint that you filed and concluded that it does not state a claim against the named defendant because she is immune from suit. This problem is not fixable and, as a result, the magistrate judge is recommending that your case be dismissed. If you do not agree with this result you may file "Objections to the Magistrate Judge's Findings and Recommendations" within fourteen days after receiving this document.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of Court is directed to randomly assign this case to a district court judge.

4. The Clerk of Court is further directed to serve a copy of the Standing Order Re: Procedural Rules for Electronic Submission of Prisoner Litigation on the plaintiff.

IT IS FURTHER RECOMMENDED that plaintiff's complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 19, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/stri1086.14.nolta.docx